**SANDERS LAW GROUP**
Craig B. Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Telephone: (516) 203-7600
Email: csanders@sanderslaw.group

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Adrian Boot,

          Plaintiff,          Case No:

          v.          **COMPLAINT**

Consequence Sound LLC,          **DEMAND FOR JURY TRIAL**

          Defendant.

_____/

     Plaintiff Adrian Boot ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against Defendant Consequence Sound LLC ("*Defendant*") states and alleges as follows:

### INTRODUCTION

     1.     This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §501.

     2.     Plaintiff created a photograph of English rock band The Clash (the "Photograph") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

     3.     Defendant is a media company which owns and operates a website at

PLAINTIFF'S COMPLAINT

domain consequenceofsound.net (the "*Website*").

4.     Defendant, without permission or authorization from Plaintiff, actively copied and/or displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5.     Plaintiff Adrian Boot is an individual who is a citizen of the United Kingdom and who resides in Dorset, England.

6.     Upon information and belief, Defendant Consequence Sound LLC is a Florida limited liability company with a principal place of business at 5301 North Federal Highway, Boca Raton in Palm Beach County, Florida.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Florida.

9.     Venue is proper under 28 U.S.C. §1391(a)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.     Plaintiff's Copyright Ownership**

10.     Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11.     Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

PLAINTIFF'S COMPLAINT

13.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14.     On January 9, 1990, Plaintiff authored the Photograph.  A copy of the Photograph is attached hereto as Exhibit 1.

15.     In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

16.     On January 2, 2018, the Photograph was registered by the USCO under Registration No. VA 2-080-775.

17.     Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.     Defendant's Infringing Activity**

18.     Defendant is the registered owner of the Website and is responsible for its content.

19.     Defendant is the operator of the Website and is responsible for its content.

20.     The Website is a key component of Defendant's popular and lucrative commercial enterprise.

21.     The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

22.     The Website is further monetized in that it sells merchandise to the public and, upon information and belief, Defendant profits from these activities.

23.     On or about November 19, 2019, Defendant displayed the Photograph on the Website as part of an on-line story at URL: https://consequence.net/2019/11/the-clashs-london-calling-bullet-trains-and-the-boundlessness-of-humanity/ (the "Infringement"). A copy of a screengrab of the Website including the Photograph is attached hereto as Exhibit 2.

PLAINTIFF'S COMPLAINT

24.     The Photograph was stored at URL: https://consequence.net/wp-content/uploads/2015/01/c-adrian-boot-the-clash.jpg?quality=80&w=806&resize=1031%2C580&strip.

25.     Without permission or authorization from Plaintiff, Defendant volitionally copied and/or displayed Plaintiff's copyright protected Photograph on the Website.

26.     Plaintiff first observed and actually discovered the Infringement on April 24, 2020.

27.     Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

28.     The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. *17 U.S.C. §106(5).*

29.     The Infringement is an exact copy of Plaintiff's original image that was directly copied and displayed by Defendant on the Website.

30.     Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to, copying, posting, selecting, commenting on and/or displaying images including, but not limited to, Plaintiff's Photograph.

31.     Upon information and belief, Defendant directly contributes to the content posted on the Website by *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Mia Sato whose LinkedIn page lists her as a "Reporter, The Verge" (the "*Employees*").

32.     Upon information and belief, at all material times the Employees were

PLAINTIFF'S COMPLAINT

acting within the course and scope of their agency when they posted the Infringement.

33.     Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

34.     Upon information and belief, Defendant is not registered as an internet service provider with the USCO pursuant to 17 U.S.C. §512.

35.     Upon information and belief, the Infringement was not posted at the direction of a "user", as that term is defined in 17 U.S.C. §512(c).

36.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

37.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

38.     Upon information and belief, Defendant monitors the content on its Website.

39.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

40.     Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its advertising revenues and/or merchandise sales.

41.     Upon information and belief, a large number of people have viewed the unlawful copy of the Photograph on the Website.

42.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

43.     Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

44.     Defendant's use of the Photograph, if widespread, would harm

PLAINTIFF'S COMPLAINT

Plaintiff's potential market for the Photograph.

45.     On March 15, 2023, Plaintiff, via counsel, served a letter by electronic mail to Defendant seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected works, to no avail.

46.     Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant has forced Plaintiff to seek redress via judicial intervention for Defendant's infringing activity.

47.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

48.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

49.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

50.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

51.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

52.     Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

53.     Defendant's reproduction of the Photograph and display of the

Photograph constitutes willful copyright infringement.

54.     Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority, by using it on the Website.

55.     As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c).

56.     As a result of the Defendant's violation of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

57.     As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## SECOND COUNT
### (Vicarious Copyright Infringement)

58.     Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

59.     Upon information and belief, at all material times hereto, Defendant had the right and ability to supervise and/or control the infringing conduct of its Employees, Agents and members, and declined to exercise the right and ability to supervise or control that infringing conduct, despite its legal right to stop or limit the

PLAINTIFF'S COMPLAINT

directly infringing conduct as well as the practicable ability to do so.

60.     For example, upon information and belief, Defendant had the practical ability to police the images on the Website when its Employees edited, modified and/or interacted with the Photograph, and therefore had the right and ability to supervise and control the Infringement.

61.     As a direct and proximate result of such refusal to exercise its right to stop or limit the infringing conduct, Defendant's members have continued to infringe upon Plaintiff's Photograph, which in turn generates profits for Defendant directly from the use of the Infringement.

62.     Defendant enjoyed a direct financial benefit from the Infringement of its members, Employees and agents from *inter alia*, advertising revenue from the increased traffic to its Website.

63.     Upon information and belief, Defendant enjoyed a directed financial benefit from using the appeal or "draw" of Plaintiff's Photograph to increase user traffic to the Website, thereby increasing advertising revenue.

64.     Accordingly, Defendant is liable as a vicarious infringer since it profited from direct infringement while declining to exercise a right to stop or limit it.

65.     Upon information and belief, Defendant willfully vicariously infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code.

66.     As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the work infringed pursuant to 17 U.S.C. § 504(c).

67.     As a result of the Defendant's violation of Title 17 of the U.S. Code, the

PLAINTIFF'S COMPLAINT

court in its discretion may award Plaintiff the recovery of its reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505.

68.     As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyrights pursuant to 17 U.S.C. § 502.

## JURY DEMAND

69.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed upon Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

a.     finding that Defendant infringed upon Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

b.     for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for the infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.

d.     for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

e.     for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

f.     for pre-judgment interest as permitted by law; and

PLAINTIFF'S COMPLAINT

g.      for any other relief the Court deems just and proper.

DATED: April 6, 2023

**SANDERS LAW GROUP**

By: ___*/s/ Craig Sanders*___
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 124757

*Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT