**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:23-cv-80616-RLR**

Adrian Boot,

    Plaintiff,

     v.

Consequence Sound LLC,

    Defendant.

-------------------------------------------------------/

**PLAINTIFF'S MOTION AND MEMORANDUM OF LAW**
**FOR ATTORNEY'S FEES AND COSTS**

   NOW COMES plaintiff Adrian Boot ("Plaintiff") by and through his undersigned counsel, who moves, pursuant to Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505 of the Copyright Act and Local Rule 7.3, for an award of his reasonable attorneys' fees and costs as the prevailing party in this action against defendant Consequence Sound LLC ("Defendant"), as set forth more fully in the incorporated memorandum of law.

DATED: July 25, 2023

          Respectfully submitted,

          **SANDERS LAW GROUP**

          By: */s Craig B. Sanders*
          Craig B. Sanders, Esq. (Fla Bar 0985686)
          333 Earle Ovington Blvd, Suite 402
          Uniondale, NY 11553
          Tel: (516) 203-7600
          Email: csanders@sanderslaw.group

          *Attorneys for Plaintiff*

`

## TABLE OF CONTENTS

MEMORANDUM OF LAW ........................................................................................................ 1

LOCAL RULE 7.3 FORMALITIES ......................................................................................... 1

SUMMARY OF THE ARGUMENT ......................................................................................... 2

PROCEDURAL HISTORY ........................................................................................................ 2

ARGUMENT ................................................................................................................................ 4

    I.    DEFENDANT'S OFFER OF JUDGMENT DOES NOT INCLUDE ATTORNEYS' FEES AND/OR COSTS ............................................................................................. 4

    II.    PLAINTIFF IS ENTITLED TO AN AWARD OF REASONABLE ATTORNEYS' FEES UNDER 17 U.S.C. § 505 ............................................................................... 7

    III.    PLAINTIFF'S FEE REQUEST IS REASONABLE .................................................... 11

        A.  PLAINTIFF'S HOURLY RATE IS REASONABLE .................................................... 12

        B.   PLAINTIFF'S TIME EXPENDED IS REASONABLE ................................................. 14

    IV.    THE COURT SHOULD AWARD PLAINTIFF REASONABLE COSTS ................. 15

CONCLUSION ............................................................................................................................ 17

CERTIFICATE OF GOOD FAITH CONFERENCE .............................................................. 18

VERIFICATION ......................................................................................................................... 19

CERTIFICATE OF SERVICE .................................................................................................. 20

# <u>TABLE OF AUTHORITIES</u>

**Cases**

ACLU v. Barnes,
  168 F.3d 423 (11th Cir. 1999)...................................................................... 15

*Allen v. Freeman*,
  1:10-CV-22, 2016 WL 775788, at *1 (S.D. Ga. Feb. 25, 2016), *aff'd in part sub nom.*
  *Allen v. City of Grovetown*, 681 Fed. Appx. 841 (11th Cir. 2017) ............................. 5

*Am. C.L. Union of Georgia v. Barnes*,
  168 F.3d 423 (11th Cir. 1999)...................................................................... 12

*Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*,
  249 F.3d 1293 (11th Cir. 2001)..................................................................... 16

*Arista Records, Inc. v. Beker Enters.*,
  298 F. Supp. 2d 1310 (S.D. Fla. 2003) (Cohn, J.) .................................................. 8

*Broad. Music, Inc. v. Dano's Rest. Sys., Inc.*,
  902 F. Supp. 224 (M.D. Fla. 1995) .................................................................. 7

*Broadcast Music, Inc. v. Dano's Restaurant Systems, Inc.*,
  902 F. Supp. 224 (M.D. Fla. 1995) .................................................................. 8

*City of Riverside v. Santos Rivera.*,
  106 S.Ct. 2686 (1986) ............................................................................. 11

Cullens v. Ga. Dep't of Transp.,
  29 F.3d 1489 (11th Cir. 1994)...................................................................... 12

Cullens v. Georgia Dept. of Transp.,
  29 F.3d 1489 (11th Cir. 1994)...................................................................... 12

*Delta Air Lines, Inc. v. Augusta*,
  450 U.S. 346 (1981) ................................................................................ 5

*Dream Custom Homes, Inc. v. Modern Day Constr., Inc.*,
  No. 8:08-cv-1189-T17AEP, 2011 WL 7764999 (M.D. Fla. July 12, 2011)................................ 8

*EEOC v. W & O, Inc.*,
  213 F.3d 600 (11th Cir. 2000)...................................................................... 16

*Fine v. Baer*,
  No. 5:15-CV-21-OC-28PRL, 2017 WL 1437461 (M.D. Fla. Apr. 5, 2017), *report and*

*recommendation adopted,* No. 5:15-CV-21-OC28PRL, 2017 WL 1449685 (M.D. Fla. Apr. 21, 2017) .................................................................................................................... 10

*Godoy v. New River Pizza, Inc.,*
565 F. Supp. 2d 1345 (S.D. Fla. 2008) ...................................................................... 15

*Gonzales v. Transfer Techs., Inc.,*
301 F.3d 608 (7th Cir. 2002) ...................................................................................... 10

*Harbaugh v. Greslin,*
365 F. Supp. 2d 1274 (S.D. Fla. 2005) ...................................................................... 12

*Head v. Medford,*
62 F.3d 351 (11th Cir. 1995) ...................................................................................... 15

*Hermosilla v. Coca-Cola Co.,*
492 F. App'x 73 (11th Cir. 2012) .................................................................................. 7

*Home Design Servs., Inc. v. Turner Heritage Homes, Inc.,*
No. 4:08- CV-355-MCR-GRJ, 2017 WL 3687665 (N.D. Fla. July 26, 2017), *report and recommendation adopted*, No. 4:08CV355-MCR-GRJ, 2017 WL 3670179 (N.D. Fla. Aug. 24, 2017) ..................................................................................................... 9

*James Messerschmidt v. Gazeta Brazilian News Corporation,*
No. 0:22-cv-61614-AHS ............................................................................................. 13

*Jobete Music Co. v. Hampton,*
864 F. Supp. 7 (S.D. Miss. 1994) ................................................................................. 8

*Kirtsaeng v. John Wiley &Sons, Inc.,*
136 S. Ct. 1979 (2016) ............................................................................................... 10

*Klinger v. Conan Doyle Estate, Ltd.,*
761 F.3d 789 (7th Cir. 2014) ...................................................................................... 10

*Lil' Joe Wein Music, Inc. v. Jackson,*
No. 06-20079-CIV, 2008 WL 2688117 (S.D. Fla. July 1, 2008) .................................. 8

*Loranger v. Stierheim,*
10 F.3d 776 (11th Cir. 1994) ...................................................................................... 12

*Luken v. Int'l Yacht Council, Ltd.,*
581 F. Supp. 2d 1226 (S.D. Fla. 2008) ........................................................................ 8

*Magnuson v. Video Yesteryear,*
85 F.3d 1424 (9th Cir. 1996) ...................................................................................... 10

*Mathews v. Crosby*,
    480 F.3d 1265 (11th Cir. 2007) ........................................................................... 15

*Max'is Creations, Inc. v. The Individuals, Partnerships, And Unincorporated
    Associations Identified On Schedule "A,"*,
    No. 21-CV-22920, 2022 WL 104216 (S.D. Fla. Jan. 11, 2022) .............................. 8

*Micromanipulator Co. v. Bough*,
    779 F.2d 255 (5th Cir. 1985) ................................................................................. 8

*MiTek Holdings, Inc. v. Arce Engineering Co., Inc.*,
    *198 F.3d 840 (11th Cir. 1999)* .............................................................................. 7

*Myeress v. Beautiful People Mag., Inc.*,
    No. 22-CV-20137, 2022 WL 1404596 (S.D. Fla. May 4, 2022) .............................. 8

*Norman v. Housing Auth. Of Montgomery*,
    836 F.2d 1292 (11th Cir. 1988) ............................................................. 11, 12, 14

*Oravec v. Sunny Isles Luxury Ventures L.C.*,
    No. 04-CV-22780, 2010 WL 1302914 (S.D. Fla. Mar. 31, 2010) .......................... 7

*Patel v. Shah*,
    No. 5:15-CV-01959-MHH, 2018 WL 741370, at *4 (N.D. Ala. Feb. 7, 2018) ........ 6

*Sanchez v. M&F, LLC*,
    17-CV-1752-ORL-LRH, 2019 WL 12262645, at *3–5 (M.D. Fla. Nov. 13, 2019),
    *report and recommendation adopted,* 617CV1752ORL22LRH, 2019 WL 12262025
    (M.D. Fla. Nov. 19, 2019) ...................................................................................... 6

*Sharp Shirter Inc. v. Individuals, Partnerships, & Unincorporated Associations Identified
    on Schedule "A"*,
    No. 22-CV-61875-RAR, 2023 WL 2868127 (S.D. Fla. Apr. 10, 2023) .................. 8

*Southam v. Halsted Fin. Servs., LLC*,
    No. 9:15-CV-80460, 2015 WL 5215987 (S.D. Fla. Sept. 8, 2015) ........................ 14

*Strategic Mktg. v. Great Blue Heron Software, LLC*,
    No. 15-cv-80032-Bloom/Valle, 2017 U.S. Dist. LEXIS 23365, *4 (S.D. Fla. Feb. 16,
    2017) (Valle, J.) ...................................................................................................... 7

*Thompson v. Smith*,
    805 F. App'x 893 (11th Cir. 2020) ........................................................................ 16

*Utility Automation 2000, Inc. v. Chocatwatchee Elec. Co-op., Inc.*,
    298 F.3d 1238 (11th Cir. 2002) .............................................................................. 5

*Volkswagen Grp. of America, Inc. v. Varona*,
2021 WL 1997573 (S.D. Fla. May 18, 2021) ........................................... 8

*Ware v. Pine State Mortgage Corp.*,
754 F. App'x 831 (11th Cir. 2018) ......................................................... 15

*Webb v. James*,
147 F.3d 617 (7th Cir. 1998) ................................................................ 5

*Williams v. Janice M. Riley, Inc.*,
19-CV-62004, 2020 WL 7061552 (S.D. Fla. Nov. 13, 2020), *report and
recommendation adopted,* 19-62004-CIV, 2020 WL 7059492 (S.D. Fla. Dec. 2, 2020) .......... 6

*Williams v. R.W. Cannon, Inc.*,
657 F. Supp. 2d 1302 (S.D. Fla. 2009) .................................................. 15

**Statutes**

17 U.S.C. § 501 ............................................................................... 2

17 U.S.C. § 504 ............................................................................... 11

17 U.S.C. § 505 ............................................................................ 2, 4, 7

28 U.S.C. § 1920 ............................................................................. 15

28 U.S.C. § 1920(1) .......................................................................... 16

**Rules**

Fed. R. Civ. P. Rule 54 ....................................................................... 7

Fed. R. Civ. P. Rule 54(d), ................................................................... 15

Federal Rule of Civil Procedure 54(d)(1) ................................................... 15

Local Rule 7.3(a) .............................................................................. 1

Rule 68 of the Federal Rules of Civil Procedure ........................................... 4

**Treatises**

Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 14.10 (2002) ...... 10

**MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505 of the Copyright Act and Local Rule 7.3, Plaintiff Adrian Boot ("Plaintiff") seeks an award of his prevailing party attorney's fees and costs in this action against defendant Consequence Sound LLC ("Defendant").  In support of this Motion, Plaintiff submits the arguments below and the Declarations of Craig B. Sanders, attached hereto as Exhibit "A", with its incorporated Exhibits A1-A3, and the Declaration of Jaymie Sabilia-Heffert, attached hereto as Exhibit B.

**LOCAL RULE 7.3 FORMALITIES**

Local Rule 7.3(a) requires that a motion for attorneys' fees and costs must:

(1)     be filed and served within sixty (60) days the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or appellate proceedings – this motion is filed within 60 days of entry of the final judgment which was entered on July 5, 2023;

(2)     identify the judgment or order which gives rise to the motion - final judgment resulting from Defendant's Offer of Judgment [Dkt. No. 23];

(3)     identify the statute, rule, or other grounds entitling the moving party to fees - 17 U.S.C. § 505;

(4)     explain the grounds entitling the moving party to the award - *infra*, Section I;

(5)     state the amount sought - $13,415.00 in fees through July 25, 2023, to be supplemented based on these proceedings;

(6)     disclose the terms of any applicable fee agreement – not applicable;

(7)     provide the identity, experience, and qualifications for each timekeeper for whom fees are sought, provide the number of hours reasonably expended by each such

1

timekeeper, a description of the tasks done during those hours, and the hourly rates claimed for each such timekeeper – see Section III(b) *infra* and Declarations of Craig B. Sanders and Jamie Sabilia-Heffert submitted as Exhibits "A" and "B" hereto respectively; and

(8)    describe and document, with invoices, all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920 – not applicable.

## SUMMARY OF THE ARGUMENT

The Copyright Act permits the prevailing party to recover its full costs and attorneys' fees as a part of the costs to be awarded pursuant to the Act. 17 U.S.C. § 505 ("§ 505"). Following the filing of this lawsuit, recognizing its obvious misconduct, Defendant immediately offered judgment against itself (*Dkt. No.* 21-1). Plaintiff accepted that offer (*Dkt. No.* 21), and judgment was subsequently entered by the Clerk as to liability and damages (*Dkt. No.* 23). In that Defendant's offer was silent as to the inclusion of costs and fees, and since any ambiguity in an offer of judgment has been uniformly held to be construed against the drafter and in favor of the accepting party, and in that Plaintiff is the prevailing party, he is entitled to an award of costs and attorneys' fees in this matter pursuant to § 505. For the reasons set forth below, Plaintiff has met the applicable standard for an award of his legal fees and costs and should be awarded the reasonable amounts as set forth in the Declaration of Craig B. Sanders, Esq. (the "Sanders Dec.") submitted herewith.

## PROCEDURAL HISTORY

Plaintiff commenced this copyright infringement action against Defendant on April 6, 2023, to seek redress for Defendant having unlawfully posted Plaintiff's copyright-protected photograph on its website www.consequenceofsound.net ("Website") in violation of 17 U.S.C. § 501 *et. seq.* [*See* Complaint at *Dkt. No.* 1].

2

On April 28, 2023, counsel for Defendant contacted the undersigned and provided notice of Defendant's representation. On May 3, 2023, counsel for Plaintiff and Defendant conferred telephonically to discuss the status of this action, wherein counsel for Defendant requested an extension of time to respond to the Complaint, not only to afford Defendant time to find local counsel admitted in the Southern District of Florida, but to facilitate the parties' settlement discussions. In an effort to avoid the additional costs and expenditures of time for both parties, Plaintiff consented to Defendant's requests and assisted in filing the request with the Court. [*Dkt. No.* 9]. Subsequent thereto, at the request of Defendant's counsel, on May 8, 2023, Plaintiff communicated to Defendant an initial settlement demand along with estimated licensing fees for the image at issue.

On June 1, 2023, counsel for Plaintiff sent an email to Defendant's counsel inquiring as to whether Defendant had a response to Plaintiff's initial demand, as well as to discuss the Court's June 1, 2023 Scheduling Order. In response, counsel requested an additional extension of time for Defendant to respond to the Complaint as well as to find local counsel.  Plaintiff consented to this second request. [Dkt. No. 14].

Approximately two weeks later, on June 14, 2023, Defendant served an Offer of Judgment upon Plaintiff in the amount of $2,250 (the "OOJ"). Pursuant to the OOJ, Defendant offered to pay Plaintiff the sum of $2,250.00 to "settle all claims against Defendant asserted in Plaintiff's Complaint." [*Dkt. No.* 21-1].

In response thereto, on June 16, 2023, counsel for the parties conferred telephonically, at which time counsel for Plaintiff sought to discuss the potential for an alternative resolution of this matter that would not result in the need for further Court intervention, such as to fix the amount of costs and fees to which Plaintiff was (and is) entitled. However, counsel for Defendant advised

that no potential alternative resolution of this matter would be entertained until the expiration of the OOJ.

On June 23, 2023, Plaintiff accepted Defendant's OOJ and, on June 26, 2023, filed the Notice of Filing and Acceptance of the OOJ with the Court [*Dkt. No*. 21]. The Clerk entered judgment against Defendant on July 6, 2023. [*Dkt. No*. 23].

Pursuant to §505 of the Copyright Act, by virtue of obtaining a judgment on his claim for copyright infringement as to liability, Plaintiff is the prevailing party and is, therefore, entitled to an award of reasonable attorneys' fees and costs incurred in the prosecution of this matter pursuant to 17 U.S.C. § 505.

## **ARGUMENT**

### I.   **DEFENDANT'S OFFER OF JUDGMENT DOES NOT INCLUDE ATTORNEYS' FEES AND/OR COSTS**

Rule 68 of the Federal Rules of Civil Procedure "prompts both parties to a suit to evaluate the risk and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). When a party accepts an offer pursuant to Rule 68, it may pursue recovery of "costs then accrued." *Id*. In this case, Plaintiff seeks an award of costs and attorneys' fees pursuant to Rule 68 and 17 U.S.C § 505. In *Marek*, the Supreme Court held that costs under Rule 68 include attorneys' fees in cases where the underlying fee shifting statute defines costs as inclusive of attorneys' fees. *Marek*, 473 U.S. at 9. The Court held that, though costs and attorneys' fees may be included in a Rule 68 offer, Rule 68 does not *require* funds to be assigned to those categories; instead, offers may take the form of a "lump sum." *Id*. at 6. Such lump sum awards are, however, not necessarily inclusive of costs. As the Court acknowledged, "[i]f an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs." *Id*. If, on the other

4

hand, "the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion it determines to be sufficient to cover the costs." *Id.* (citing *Delta Air Lines, Inc. v. Augusta*, 450 U.S. 346, 362 (1981) (Powell, J., concurring)).

The offer of judgment in this matter was written by Defendant and provided for a lump sum payment to be made in the amount of two-thousand two hundred fifty dollars ($2,250) to "settle all claims against Defendant asserted in Plaintiff's Complaint."  Notably, the offer of judgment is silent as to attorneys' fees and costs, and, as such, does not include the same. Accordingly, the offer of judgment is ambiguous as to whether it includes attorneys' fees and costs.

The Eleventh Circuit has held that ambiguities in Rule 68 offers are to be construed against the offeror. *Utility Automation 2000, Inc. v. Chocatwatchee Elec. Co-op., Inc.,* 298 F.3d 1238, 1244 (11th Cir. 2002) (citing *Webb v. James*, 147 F.3d 617, 619 (7th Cir. 1998)). In reaching this conclusion, the Circuit held that such would be the only just result, because defendants control the terms of the offer and plaintiffs cannot seek clarification or modification or make a counteroffer (*Utility Automation 2000*, 298 F.3d at 1244) and, because the consequences of refusing a Rule 68 offer are substantial, plaintiffs would be "left in the position of guessing what a court will later hold the offer means" (*Id.* (quoting *Webb*, 147 F.3d at 623)), the defendant's offer for "$45,000 with costs accrued" did not include attorneys' fees. *Id.*

Similarly, in *Allen v. Freeman*, the offer of judgment at issue had language offering a lump sum payment "including all of Plaintiff's claims for relief."  *Allen v. Freeman*, 1:10-CV-22, 2016 WL 775788, at *1 (S.D. Ga. Feb. 25, 2016), *aff'd in part sub nom. Allen v. City of Grovetown*, 681 Fed. Appx. 841 (11th Cir. 2017).  Based on that language, the District Court held

> "that Defendants' Rule 68 offer was ambiguous as to whether costs
> and attorneys' fees were included. Interpreting the ambiguities in

5

> the offer against the offeror, the Court finds that Defendants' offer to settle "plaintiff's claims for relief" do not include costs under Rule 68. Accordingly, Plaintiff is entitled to costs accrued pursuant to Federal Rule of Civil Procedure 68(a) and, under *Marek*, attorneys' fees as well."

*Allen v. Freeman*, 1:10-CV-22, 2016 WL 775788, at \*4 (S.D. Ga. Feb. 25, 2016), *aff'd in part sub nom. Allen v. City of Grovetown*, 681 Fed. Appx. 841 (11th Cir. 2017).

The Circuit agreed with the District Court and held "[t]he offer of judgment was at least ambiguous as to whether it included fees, and thus the district court properly read the offer to not include them. Accordingly, we affirm the district court's fee award. *Allen v. City of Grovetown*, 681 Fed. Appx. at 845; see also *Sanchez v. M&F, LLC*, 617CV1752ORL22LRH, 2019 WL 12262645, at \*3–5 (M.D. Fla. Nov. 13, 2019), *report and recommendation adopted,* 17-CV-1752-ORL-LRH, 2019 WL 12262025 (M.D. Fla. Nov. 19, 2019) (including all of the Plaintiff's claims for relief found to be ambiguous and not inclusive of attorney fees and costs); *Williams v. Janice M. Riley, Inc.*, 19-CV-62004, 2020 WL 7061552, at \*1 (S.D. Fla. Nov. 13, 2020), *report and recommendation adopted,* 19-62004-CIV, 2020 WL 7059492 (S.D. Fla. Dec. 2, 2020) (the Offer of Judgment was at least ambiguous and, therefore, the court can properly read the offer to exclude attorney's fees); see also *Patel v. Shah*, No. 5:15-CV-01959-MHH, 2018 WL 741370, at \*4 (N.D. Ala. Feb. 7, 2018) (finding that an offer of judgment does not include fees even where the offer stated "in complete resolution of all claims stated by [plaintiff]").

In light of the above precedent, the Circuit has made it abundantly clear that, to avoid the inherent disadvantage to plaintiffs, defendants are cautioned to be specific as to the terms of an offer when offering judgment pursuant to Rule 68, lest they risk having any ambiguity resolved against them.

6

Applying the foregoing well-settled precedent to this case, Defendant's offer to "settle all claims against Defendant asserted in Plaintiff's Complaint" is analogous to the phrase "including all of Plaintiff's claims for relief" in *Allen*.  Based on Circuit precedent, Defendant's offer, at best, is ambiguous and that ambiguity must be held against the offeror, here Defendant, and in favor of Plaintiff.  As such, Plaintiff is entitled to separately his costs under Fed. R. Civ. P. Rule 54 and his attorneys' fees pursuant to 17 U.S.C. § 505.

## II.   PLAINTIFF IS ENTITLED TO AN AWARD OF REASONABLE ATTORNEYS' FEES UNDER 17 U.S.C. § 505

The Copyright Act provides, in part: "the court may… award a reasonable attorney's fee [sic.] to the prevailing party as part of the costs." 17 U.S.C. § 505; *Hermosilla v. Coca-Cola Co., 492 F. App'x 73, 75 (11th Cir. 2012)* ("The Copyright Act gives a district court the district power [sic.] to award 'costs by or against any party' and 'a reasonable attorney's fee to the prevailing party.'" (citing 17 U.S.C. § 505); see also *Broad. Music, Inc. v. Dano's Rest. Sys., Inc.,* 902 F. Supp. 224, 227 (M.D. Fla. 1995) (citation omitted) ("[w]hile Section 505 gives a court discretion in awarding attorney fees, 'because the Copyright Act is intended to encourage suits to redress copyright infringement, fees are awarded to a prevailing party as a matter of course.'").

Applying these principles, "Eleventh Circuit precedent establishes that the 'only preconditions to an award of fees is that the party receiving the fee be the prevailing party and that the fee be reasonable.'" *Strategic Mktg. v. Great Blue Heron Software, LLC*, No. 15-cv-80032-Bloom/Valle, 2017 U.S. Dist. LEXIS 23365, *4 (S.D. Fla. Feb. 16, 2017) (Valle, J.) (quoting *MiTek Holdings, Inc. v. Arce Engineering Co., Inc.,* 198 F.3d 840, 842 (11th Cir. 1999)); *accord Oravec v. Sunny Isles Luxury Ventures L.C.*, No. 04-22780-CIV, 2010 WL 1302914, at *3 (S.D. Fla. Mar. 31, 2010) (quoting *MiTek*, 198 F.3d at 842) ("The Eleventh Circuit has emphasized that

7

the 'only preconditions to an award of fees is that the party receiving the fee be the prevailing party and that the fee be reasonable.'"). As such, courts in this district have repeatedly held in copyright cases that an award of prevailing party attorneys' fees and costs in a copyright case is the "rule rather than the exception and should be awarded routinely." *Oravec*, 2010 WL 1302914, at *3 (quoting *Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1315-16 (S.D. Fla. 2003) (Cohn, J.) (quoting *Jobete Music Co. v. Hampton*, 864 F. Supp. 7, 10 (S.D. Miss. 1994) (citing *Micromanipulator Co. v. Bough*, 779 F.2d 255, 259 (5th Cir. 1985)), and citing *Broadcast Music, Inc. v. Dano's Restaurant Systems, Inc.*, 902 F. Supp. 224, 227 (M.D. Fla. 1995)) ("although attorneys' fees are awarded at the trial court's discretion, they are the rule rather than the exception and should be awarded routinely."); *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1246 (S.D. Fla. 2008) ("a party that seeks to enforce its copyrights and prevails…should have its attorney's fees awarded to promote enforcement of the Copyright Act and creativity, respectively."); *Volkswagen Grp. of America, Inc. v. Varona*, 2021 WL 1997573, at *10 (S.D. Fla. May 18, 2021); *Myeress v. Beautiful People Mag., Inc.*, No. 22-CV-20137, 2022 WL 1404596, at *4 (S.D. Fla. May 4, 2022); *Max'is Creations, Inc. v. The Individuals, Partnerships, And Unincorporated Associations Identified On Schedule "A,"*, No. 21-CV-22920, 2022 WL 104216, at *9 (S.D. Fla. Jan. 11, 2022); *Sharp Shirter Inc. v. Individuals, Partnerships, & Unincorporated Associations Identified on Schedule "A"*, No. 22-CV-61875-RAR, 2023 WL 2868127, at *4 (S.D. Fla. Apr. 10, 2023); *Lil' Joe Wein Music, Inc. v. Jackson,* No. 06-20079-CIV, 2008 WL 2688117, at *2 (S.D. Fla. July 1, 2008) ("an award is the rule rather than the exception and attorney's fees should be awarded routinely to the prevailing party"); *Dream Custom Homes, Inc. v. Modern Day Constr., Inc.,* No. 8:08-cv-1189-T17AEP, 2011 WL 7764999, at *5 (M.D. Fla. July 12, 2011) (Although the statute dictates that fees and costs are awarded in the trial court's discretion, most

courts have observed that "they are the rule rather than the exception and should be awarded routinely."); *Home Design Servs., Inc. v. Turner Heritage Homes, Inc.,* No. 4:08- CV-355-MCR-GRJ, 2017 WL 3687665, at *2 (N.D. Fla. July 26, 2017), *report and recommendation adopted*, No. 4:08CV355-MCR-GRJ, 2017 WL 3670179 (N.D. Fla. Aug. 24, 2017).

An award of fees will compensate Plaintiff here for having to litigate the claim and will deter future parties from acts of infringement. In addition, an award of fees will encourage plaintiffs to litigate meritorious claims of copyright infringement, because the successful prosecution of an infringement claim by a copyright holder furthers the policies of the Copyright Act. *Fogerty*, 510 U.S. at 527, 114 S.Ct. 1023 (holding that an award of attorney's fees would encourage both plaintiffs and defendants alike to prosecute or defend meritorious claims).

The reasons favoring an award of attorneys' fees is even more compelling here because, absent an award of attorneys' fees, based upon the small statutory damage amount recovered in this case, Plaintiff would have lost money for having brought this action to protect his rights. By extension, other rightsholders would be deterred from policing their intellectual property rights if the cost of protecting same would outweigh the benefit of proving liability. Such a result would be anathematic to the Copyright Act, which is precisely the reason why the Act contemplates that a prevailing party may be entitled to an award of attorneys' fees for successfully prosecuting a claim (or defense).

The award of attorneys' fees will also serve as a deterrent for future conduct by this defendant and other would-be infringers. *Sternbaum v. Refinery Lab, LLC*, No. 22-CV22002, 2022 WL 16745340, at *4 (S.D. Fla. Nov. 7, 2022). "Considering all of these circumstances, …. imposing attorney's fees against Defendant Armstrong will further the goals of the Copyright Act and is warranted here." *Fine v. Baer*, No. 5:15-CV-21-OC-28PRL, 2017 WL 1437461, at *3–4

(M.D. Fla. Apr. 5, 2017), *report and recommendation adopted,* No. 5:15-CV-21-OC28PRL, 2017 WL 1449685 (M.D. Fla. Apr. 21, 2017).

   To this end, courts have observed that the need to award fees is at its greatest when the amount at stake is at its smallest.  In this regard, precedent from the Supreme Court and other Circuits have held that "the holder of a copyright that has obviously been infringed has good reason to bring and maintain a suit even if the damages at stake are small." *Kirtsaeng v. John Wiley &Sons, Inc.*, 136 S. Ct. 1979, 1986 (2016) *see also Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1432 (9th Cir. 1996) ("we are particularly concerned that the small award for damages in this case is insufficient to deter future copyright infringements such as the one at issue here").

   In *Gonzales v. Transfer Techs., Inc.*, 301 F.3d 608, 610 (7th Cir. 2002), the Seventh Circuit explained that the smaller the damages, the stronger the case for attorney fees.

> "No one can prosecute a copyright suit for $3,000. The effect of the district court's decision if universalized would be to allow minor infringements, though willful, to be committed with impunity, to be in effect privileged, immune from legal address. **The smaller the damages… the stronger the case for an award of attorneys' fees**."

*Id*. (emphasis added).

   More recently, the Seventh Circuit held that

> "If the case was a toss-up and the prevailing party obtained generous damages, or injunctive relief of substantial monetary value, there is no urgent need to add an award of attorneys' fees. But, if at the other extreme, the claim or defense was frivolous and the prevailing party obtained no relief at all, the case for awarding attorneys' fees is compelling."

*Klinger v. Conan Doyle Estate, Ltd.*, 761 F.3d 789, 791 (7th Cir. 2014);  Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 14.10 (2002) (not as a rule to be mechanically applied but rather as a consideration for district judges to weigh seriously; we go so far as to suggest, by way

of refinement of the *Fogerty* standard, that the prevailing party in a copyright case in which the monetary stakes are small should have a presumptive entitlement to an award of attorneys' fees).

Here, the need for compensation and deterrence is particularly important because the attorneys' fees incurred by Plaintiff required to litigate his copyright claims far exceeded Plaintiff's recovery of damages or profits under 17 U.S.C. § 504. At the end of the day, prosecution of the claims herein are the direct and consequential result of Defendant's unlawful infringement of Plaintiff's copyrighted work. As the prevailing party in a litigation necessitated by Defendant's (mis)conduct, the Court should find that Plaintiff is entitled to recover his legal fees incurred in this matter.

### III.    PLAINTIFF'S FEE REQUEST IS REASONABLE

Since all of the factors favor an award of attorneys' fees, the question turns to "what is a reasonable award?". "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S at 433. "This calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services. The party seeking the award of fees should submit evidence supporting the hours worked and the rates claimed." *Id.* "This figure, commonly referred to as the 'lodestar,' is presumed to be the reasonable fee…" *City of Riverside v. Santos Rivera.*, 106 S.Ct. 2686, 2691 (1986); *Norman v. Housing Auth. Of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (confirming the lodestar method as the standard for determining attorney's fees in the Eleventh Circuit, which requires this Court to multiply the reasonable hours expended by counsel by the reasonable hourly rates charged by counsel and his associates); *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 847 (11th Cir. 2018); see also *Tire Kingdom, Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc*., 253 F.3d 1332, 1336-37 (11th Cir. 2001) (applying the lodestar method in a Lanham Act case)

By this application, Plaintiff requests an award in the amount of $13,415 in attorneys' fees and in the amount of $477.00 for in costs in this matter.

### A.  PLAINTIFF'S HOURLY RATE IS REASONABLE

"A reasonable hourly rate is 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation'." *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 436 (11th Cir. 1999) (citing *Norman*, 836 F.2d at 1299). The relevant market for purposes of determining the reasonable hourly rate for an attorney's service is "the place where the case is filed." *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). Importantly, the "relevant inquiry… is the rate charged by attorneys with similar skills in similar cases." *Barnes*, 168 F.3d at 437 (citing *Norman,* 836 F.2d at 1299). Additionally, "the district court is 'empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness'." *Harbaugh v. Greslin*, 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005) (quoting *Cullens v. Georgia Dept. of Transp.,* 29 F.3d 1489, 1492–93 (11th Cir. 1994)). "The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* By "satisfactory evidence," we mean "more than the affidavit of the attorney performing the work." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299).

Here, Plaintiff respectfully submits that the Court should find the reasonable hourly rate(s) in this case to be $700 for senior partner Craig B. Sanders, $450 for associate Jaymie B. Sabilia-Heffert, and $125 for paralegals Ryan Feldman and Jason Rosenthal.

By way of background, Mr. Sanders received his Juris Doctor (J.D.) from the University of Pennsylvania Law School in 1993 and is the founding partner of the Sanders Law Group. He was admitted to practice law in Florida in 1993 and New York in 1994. In addition to New York

and Florida, he is currently admitted to practice law in the states of California, Utah, Colorado, Maryland, Washington and New Jersey. In addition to the above-listed state admissions, Mr. Sanders is admitted to practice law in the Federal Courts of Arkansas, California, Colorado, Connecticut, District of Columbia, Florida, Illinois, Indiana, Maryland, Michigan, Missouri, Nebraska, New York, New Jersey, Ohio, Oklahoma, Tennessee, Texas, Utah, Washington and Wisconsin. He is also admitted to the Second, Third, Fifth, Ninth, and Tenth Circuit Courts of Appeals and have argued appeals in each of these Circuits. During the course of his thirty (30) year professional career, he has focused on Federal Litigation, primarily involving intellectual property matters and has personally filed and litigated hundreds of copyright cases. [*See* Sanders Dec. at ¶3].

Jaymie Sabilia-Heffert received her Juris Doctor from Touro Law School in 2015 and was admitted to practice in the Courts of the State of New York in 2016. She was admitted to practice in the United States District Court for the Southern District of New York in 2018 and the Northern District of New York in 2019. During the course of her seven-year professional career, she has focused her practice primarily on litigation involving civil matters in both State and Federal Courts. [*See* the Declaration of Jaymie Sabilia-Heffert, submitted herewith, at ¶ 3].

As the subject matter of this lawsuit is copyright infringement and the relevant legal community is the Southern District of Florida, when determining these rates, counsel for Plaintiff relied upon: (1) a recent decision issued within the Southern District of Florida, in *James Messerschmidt v. Gazeta Brazilian News Corporation*, No. 0:22-cv-61614-AHS, involving a copyright infringement action, awarding the undersigned fees in line with the fees sought in this action; and (2) the Report of the Economic Survey (2021) for the American Intellectual Property Law Association. [*See* Sanders Dec. at ¶ 4 Ex. 1]. These factors, in conjunction with the

certifications of Plaintiff's counsel, sets forth sufficient evidence of what constitutes a reasonable market rate for the services provided to Plaintiff herein, as well as the qualifications warranting the award of the requested hourly rate.

### B.  PLAINTIFF'S TIME EXPENDED IS REASONABLE

Under the lodestar method, after consideration of the reasonable rate, the court must determine whether counsel spent a reasonable number of hours working on this matter. "In determining the hours reasonably expended, the Court must ensure that 'excessive, redundant or otherwise unnecessary' hours are excluded from the amount claimed." *Southam v. Halsted Fin. Servs., LLC*, No. 9:15-CV-80460, 2015 WL 5215987, at *2 (S.D. Fla. Sept. 8, 2015) (quoting *Norman*, 836 F.2d at 1301) (citations omitted).

Here, Plaintiff expended a total of 26.3 in billable time and 3.4 hours in unbilled time in this matter.  While this case was generally a run-of-the-mill copyright infringement claim, Defendant's informal offer of judgment and subsequent formal offer of judgment, which was ambiguous as to its terms, required Plaintiff to undertake research on these two novel issues.  The total amount of time expended in this matter is not excessive and quite reasonable. A summary of Plaintiff's time records is in the table below:

| Timekeeper | Position | Hourly Rate | Unbilled Hours | Unbilled Extended | Billed Hours | Extended |
|---|---|---|---|---|---|---|
| Craig B. Sanders | Partner (30th year) | $700 | 1.8 | $1,260.00 | 11.0 | $7,70.00 |
| Jaymie Sabilia-Heffert | Associate (7th yr) | $450 | 1.6 | $720.00 | 11.7 | $5,265.00 |
| Ryan Feldman | Paralegal | $125 | | | 1.9 | $237.50 |
| Jason Rosenthal | Paralegal | $125 | | | 1.7 | $212.50 |
| **Total** | | | **3.4** | **$1,980.00** | **26.3** | **$13,415.00** |

The Eleventh Circuit has held that counsel "must use 'billing judgment' and exclude 'excessive, redundant, or otherwise unnecessary' hours from any fee petition, 'irrespective of the

skill, reputation or experience of counsel'." *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1309 (S.D. Fla. 2009) (citing *ACLU v. Barnes,* 168 F.3d 423, 427 (11th Cir. 1999)) (quoting *Hensley v. Eckerhart,* 461 U.S. at 434). "The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees awarded." *Godoy v. New River Pizza, Inc.*, 565 F. Supp. 2d 1345, 1348 (S.D. Fla. 2008) (citing *Barnes,* 168 F.3d 423, 428). Moreover, "billing judgment" is an important component in fee setting. *Hensley*, 461 U.S. at 434. "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.*

Here, Plaintiff's counsel did not bill any time at all for a number of tasks associated with this case; tasks that, while being necessary due to the actions of Defendant, would not necessarily be billable to the client. In fact, the undersigned counsel has reduced the Firm's billing of the total time expended on this matter by approximately 3.4 hours (11.72%) and its bill by $1,980 (12.86%). [Sanders Dec. ¶ 6]. As to the details of the time expended by Plaintiff's counsel in this case, the Court is respectfully referred to the aforementioned Declaration and the billing records supplied therewith.

## IV.    THE COURT SHOULD AWARD PLAINTIFF REASONABLE COSTS

Pursuant to Fed. R. Civ. P. Rule 54(d), the prevailing party is the one who receives a favorable judgment. *Ware v. Pine State Mortgage Corp.*, 754 F. App'x 831, 832 (11th Cir. 2018) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). The taxable costs a prevailing party may collect are those specified in 28 U.S.C. § 1920. *Id.* As the Eleventh Circuit has held, Federal Rule of Civil Procedure 54(d)(1) provides that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs ...." *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007) (*citing* Fed. R. Civ. P. 54(d)(1)) (emphases added).

15

Continuing, "[u]nder Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs. *Id*. (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc*., 249 F.3d 1293, 1296 (11th Cir. 2001)).

Plaintiff, as the prevailing party, asks this Court to allow him to recover the sum of $402.00 in fees to the clerk, which amount represents the fees paid for filing the instant action. Section 1920(1) permits recovery of "fees of the clerk...." *See Thompson v. Smith,* 805 F. App'x 893, 910 n.6 (11th Cir. 2020). Filing fees paid to the Clerk are widely recognized as being taxable costs under Section 1920(1).  As such, Plaintiff should be awarded the sum of $402.00 in taxable costs based on the cost of the filing fee paid in initiating this lawsuit.

Additionally, Plaintiff seeks an award in the amount of $75.00 to recover fees paid to the process server. Section 1920(1) permits taxation of costs for "fees of the clerk and marshal." 28 U.S.C. § 1920(1). Although the statutory language does not expressly provide for recovery of fees for private party process servers, the Eleventh Circuit has recognized that "[s]ince the enactment of section 1920(1), the method of serving civil summonses and subpoenas has changed. The U.S. Marshal no longer has that responsibility in most cases, but rather a private party must be employed as process server." *EEOC v. W & O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000).

Despite the requested costs all being taxable, since Plaintiff is aware that Defendant intends to challenge Plaintiff's entitlement to his costs (rather than the costs themselves), in order to avoid a second motion cycle with Defendant filing to object to Plaintiff's costs, Plaintiff has included them in this motion rather than file them in a separate Bill of Costs.

For the reasons set forth more fully herein, Plaintiff should be awarded the $75.00 in process server fees or a total of $477.00 in costs.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court award

Plaintiff reasonable attorneys' fees and taxable costs pursuant to 28 U.S.C. § 1920.

DATED: July 25, 2023                    **SANDERS LAW GROUP**

By: _/s Craig B. Sanders_
Craig Sanders, Esq. (Fla Bar 0985686)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group

*Attorneys for Plaintiff*

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

  I hereby certify that in accordance with S.D. Fla. Local Rules 7.1 and 7.3, counsel for Plaintiff provided a draft of the above Memorandum and supporting documents to counsel for Defendant on July 18, 2023. Jaymie Sabilia-Heffert, as associate with my firm which is counsel for Plaintiff, met and conferred with counsel for Defendant on July 20, 2023, in a good faith effort to confer on Plaintiff's entitlement to the attorneys' fees being sought as well as the amount of costs taxable under 28 U.S.C. §1920. Defendant's counsel indicated the Defendant objects to all relief being sought.

*/s Craig B. Sanders*
Craig Sanders, Esq.

## <u>VERIFICATION</u>

I, Craig B. Sanders, hereby verify under penalty of perjury under the laws of the United States of America that the foregoing facts referenced in support of Plaintiff's Motion for Attorneys' Fees are true and correct.

*/s Craig B. Sanders*
Craig Sanders, Esq.

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 25, 2023, that the foregoing Plaintiff's Motion for Attorneys' Fees and Costs was filed electronically with the Court through CM/ECF on July 25, 2023, and thereby served on counsel for the Defendant on the same day.

Dated: July 25, 2023

*/s Craig B. Sanders*
Craig Sanders, Esq.
