UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-80616-RLR/BER

ADRIAN BOOT,

                Plaintiff,

vs.

CONSEQUENCE SOUND LLC,

                Defendant.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS [ECF No. 24]

Plaintiff brought this lawsuit for copyright infringement under 17 U.S.C. §501 alleging that Defendant displayed one of Plaintiff's photographs on Defendant's website without license or permission. ECF No. 1. Approximately ten weeks after filing the Complaint, Plaintiff accepted Defendant's Offer of Judgment pursuant to Rule 68 ("the Offer"), and the Court entered Final Judgment. ECF Nos. 21, 23. Shortly thereafter, Plaintiff filed the instant motion for attorneys' fees and costs (ECF No. 24), which Defendant contends were included in the settlement. I have reviewed the parties' filings (ECF Nos. 24, 26, 27), and RECOMMEND that Plaintiff's motion be DENIED.

## PROCEDURAL HISTORY

Plaintiff brought a two-count Complaint against Defendant alleging claims for direct and vicarious copyright infringement. Both counts alleged that the infringement was willful and sought recovery of actual damages, statutory damages, and attorneys' fees. ECF No. 1 at 6-9.

On or about May 8, 2023, Plaintiff served a settlement demand on Defendant seeking $17,250.00. ECF Nos. 24 at 9; 21-1. On June 14, 2023, defense counsel responded in a letter stating that "Plaintiff's potential recovery on his copyright infringement claim would be capped far below" the amount sought, and that although "Plaintiff's settlement demand also included attorneys' fees and costs[,] Section 505 of the Copyright Act makes an award of attorneys' fees and costs discretionary, and this case is not a good candidate for a large fee shifting award." ECF No. 21-1 at 3. The next paragraph continued, "For the foregoing reasons, our client hereby offers to: (1) let judgment go against [Defendant] under Rule 68 of the Federal Rules of Civil Procedure; and (2) pay Plaintiff $2,250 to settle all claims against [Defendant] asserted in Plaintiff's Complaint." *Id.*

In his motion, Plaintiff states that on June 16, 2023, in response to Defendant's Offer of Judgment, "counsel for the parties conferred telephonically, at which time counsel for Plaintiff sought to discuss the potential for an alternative resolution of this matter . . . such as to fix the amount of costs and fees to which Plaintiff was (and is) entitled." ECF No. 24 at 9. Defendant declined, and one week later, Plaintiff accepted the Offer of Judgment. *Id.* at 9-10.

## **DISCUSSION**

Rule 68 states in relevant part:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).

The Supreme Court has held that Rule 68 does not require a defendant's offer to "itemize the respective amounts being tendered for settlement of the underlying substantive claim and for costs." *Marek v. Chesny*, 473 U.S. 1, 6, (1985). "As long as the offer does not implicitly or explicitly provide that the judgment *not* include costs, a timely offer will be valid." *Id.* (emphasis in original).

> [T]he objective of the Rule . . . is to encourage settlements. If defendants are not allowed to make lump-sum offers that would, if accepted, represent their total liability, they would understandably be reluctant to make settlement offers . . . [Indeed,] many a defendant would be unwilling to make a binding settlement offer on terms that left it exposed to liability for attorney's fees in whatever amount the court might fix on motion of the plaintiff.

*Id.* at 6-7 (citation and quotations omitted).

In its motion, Plaintiff contends that Defendant's Offer of Judgment "is silent as to attorneys' fees and costs, and, as such, does not include the same. Accordingly, the offer of judgment is ambiguous as to whether it includes attorneys' fees and costs." ECF No. 24 at 11. Plaintiff relies upon cases holding that ambiguities in Rules 68 offers are to be construed against the offeror. *Id.* at 11-13.

3

Defendant's Offer of Judgment is neither silent nor ambiguous on the issue of attorneys' fees and costs. On the contrary, Defendant's letter conveying the Offer explained that Plaintiff's actual damages were limited because Defendant could obtain a license to use Plaintiff's photograph for less than $300.[1] The letter also explained why Defendant believed that a "large fee shifting award," like the one proposed by Plaintiff, was not appropriate in this case. Thus, Plaintiff was on notice that the lump sum offered by Defendant was inclusive of Plaintiff's actual damages (i.e., the licensing fee) as well as nominal attorney's fees and costs. Plaintiff's attempt to parse one phrase from the letter and deem it to be the entirety of the Offer is unpersuasive. The letter must be read as a whole. *See M&M Sisters, LLC v. Scottsdale Ins. Co.*, No. 21-24081-CIV, 2022 WL 18717403, at *12 (S.D. Fla. Dec. 19, 2022) (when read as a whole, there was no ambiguity in the settlement proposal and accompanying releases), report and recommendation adopted, No. 21-24081-CIV, 2023 WL 2017104 (S.D. Fla. Feb. 15, 2023).

The cases cited by Plaintiff are distinguishable because the Rule 68 offers made in those cases did not address fees and costs at all. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1244 (11th Cir. 2002) (finding the offer ambiguous where "the offer says nothing one way or the other about fees"); *Williams v. Janice M. Riley, Inc.,* No. 19-CV-62004, 2020 WL 7061552, at *1 (S.D. Fla. Nov. 13, 2020) (where the offer did not mention attorney's fees (ECF No. 15-1),

---

[1] The letter states that using Plaintiff's website, defense counsel obtained a licensing quote of £227.83 for the subject photograph. ECF No. 21-1 at 2.

4

court construed the offer to exclude them), report and recommendation adopted, No. 19-62004-CIV, 2020 WL 7059492 (S.D. Fla. Dec. 2, 2020). Plaintiff relies heavily on *Allen v. Freeman*, but there, the Rule 68 offer did not include any mention of attorney's fees and, as a result, the court found the offer to be ambiguous and awarded fees. *Id.*, No. 1:10-CV-22, 2016 WL 775788, at *1 (S.D. Ga. Feb. 25, 2016). As the Eleventh Circuit noted in affirming the fee award in *Allen*, the clarification email sent by defense counsel almost two weeks after the offer to explain Defendants' "intention [that] the offer was to include all costs [and] fees . . ." did not change the analysis because it constituted extrinsic evidence, which the Court declined to consider. *Allen v. City of Grovetown*, 681 F. App'x 841 (11th Cir. 2017). Here, by contrast, fees and costs are specifically addressed in the letter offer.

In his motion, Plaintiff references a telephone conference between counsel on June 16, 2023, before Plaintiff accepted the Offer. Like the email defense counsel sent after the offer in *Allen*, this conference constitutes extrinsic evidence and as such, I have not considered it in making my recommendation. Nevertheless, to the extent Plaintiff relies on this conversation to support his motion for fees, that reliance is misplaced. Any alleged ambiguity in the Offer was resolved when Defendant declined Plaintiff's request for "an alternative resolution" that would include an additional amount of attorneys' fees and costs. At that point, Plaintiff knew that the amount offered was a lump sum settlement that already included all the attorneys' fees and costs Defendant was willing to pay voluntarily. With this knowledge, Plaintiff accepted the Offer.

Finally, even if the Offer could be construed as ambiguous, attorneys' fees are entirely discretionary under Section 505 of the Copyright Act and the facts of this case would not support such an award.

The Copyright Act provides that:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party . . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.  In copyright infringement cases, "[c]ourts should not simply award attorney's fees to the prevailing party as a matter of course." *Luken v. Int'l Yacht Council, Ltd.*, 581 F. Supp. 2d 1226, 1239 (S.D. Fla. 2008) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).  "[T]he Supreme Court has enumerated four non-exclusive factors under § 505 analysis: (1) frivolousness; (2) motivation (3) objective unreasonableness (both in factual and legal components of the case); and (4) the need in particular circumstances to advance considerations of compensation and deterrence." *Oravec v. Sunny Isles Luxury Ventures L.C.*, No. 04-22780-CIV, 2010 WL 1302914, at *3 (S.D. Fla. Mar. 31, 2010) (citing *Fogerty*, 510 U.S. at 534).

Given Defendant's timely decision to acknowledge its use of Plaintiff's photograph and make an Offer of Judgment shortly after this case was filed, I find that Defendant did not engage in any frivolous or objectively unreasonable conduct and, notably, Plaintiff does not allege otherwise. Plaintiff only raises "the need for compensation and deterrence" (ECF No. 24 at 17), however, there are no "particular circumstances" in this case that would warrant such an award.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that Plaintiff's Motion for Attorneys' Fees and Costs (ECF No. 24) be **DENIIED.**

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 12th day of October 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE